TODD C. BOUTON, Bar No. 234821
E-Mail: tcb@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Requesters
AARON INVESTMENT COMPANY and
AARON'S, INC.



FILED

2010 FEB 23 P 4:28

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

AARON INVESTMENT COMPANY and AARON'S, INC.,

    Requesters,

v.

FUNNY OR DIE,

    Witness.

CASE NO. CV 10-80044 MISC PVT JW

REQUEST FOR SUBPOENA PURSUANT TO 17 U.S.C. § 512(h)

**TO THE CLERK OF THE COURT:**

Kindly accept this request of Aaron Investment Company and Aaron's, Inc. ("Requesters"), by their attorneys, for the issuance of a subpoena *duces tecum* directed to Funny or Die (the "Witness"), pursuant to the Digital Millennium Copyright Act, specifically as codified in 17 U.S.C. § 512(h) (the "Act").

REQUEST FOR SUBPOENA

Accompanying this Request in accordance with the Act are:

1. An excerpt of the provision from the Act that authorizes the Clerk to issue a subpoena in the circumstances here present. The excerpt is attached hereto as Exhibit "A".

2. A copy of the letter of E. Michelle Tyde, as attorney for Requesters, demanding that the Witness, as Internet Service Provider to the offending party, "take down" the infringing material under 17 U.S.C. § 512(c)(3)(A). The copy is attached hereto as Exhibit "B".

3. The proposed subpoena to be issued in response to this Request, for Witness to identify the uploader known as "Westside Slant" who posted the Infringing Material, which was located at http://www.funnyordie.com/videos/5b2b1d3ecb/no-credit-no-problem. The proposed subpoena is attached hereto as Exhibit "C".

4. The declaration of Todd C. Bouton, as attorney for the Requester, also supplied in accordance with the Act. Counsel's declaration is attached hereto as Exhibit "D".

///

///

WHEREFORE, Requesters respectfully pray that the Clerk duly endorse and issue the proposed subpoena.

DATED: February 23, 2010    PAYNE & FEARS LLP

By: _____
       TODD C. BOUTON

Attorneys for Requesters
AARON INVESTMENT COMPANY and
AARON'S, INC.

4834-4594-3813.1

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CA 92614
(949) 851-1100

3

REQUEST FOR SUBPOENA

EXHIBIT "A"

## Excerpt of Copyright Code, 17 U.S.C. § 512(h)

(h) SUBPOENA TO IDENTIFY INFRINGER.—

(1) REQUEST. — A copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer in accordance with this subsection.

(2) CONTENTS OF REQUEST — The request may be made by filing with the clerk —

(A) a copy of a notification described in subsection (c)(3)(A);

(B) a proposed subpoena; and

(C) a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title.

(3) CONTENTS OF SUBPOENA. — The subpoena shall authorize and order the service provider receiving the notification and the subpoena to expeditiously disclose to the copyright owner or person authorized by the copyright owner information sufficient to identify the alleged infringer of the material described in the notification to the extent such information is available to the service provider.

(4) BASIS FOR GRANTING SUBPOENA. — If the notification filed satisfies the provisions of subsection (c)(3)(A), the proposed subpoena is in proper form, and the accompanying declaration is properly executed, the clerk shall expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider.

(5) ACTIONS OF SERVICE PROVIDER RECEIVING SUBPOENA. — Upon receipt of the issued subpoena, either accompanying or subsequent to the receipt of a notification described in subsection (c)(3)(A), the service provider shall expeditiously disclose to the copyright owner or person authorized by the copyright owner the information required by the subpoena, notwithstanding any other provision of law and regardless of whether the service provider responds to the notification.

(6) RULES APPLICABLE TO SUBPOENA. — Unless otherwise provided by this section or by applicable rules of the court, the procedure for issuance and delivery of the subpoena, and the remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena *duces tecum*.

**EXHIBIT "B"**



**VIA UPS AND EMAIL DELIVERY**

February 16, 2010


Stuart Kuramoto
Funny or Die, Inc.
455 Portage Avenue
Suite B
Palo Alto, CA 94306
copyright@funnyordie.com

    RE:    Notice of Copyright Infringement

Dear Mr. Kuramto:

Pursuant to 17 U.S.C. § 512(c)(3)(A), this communication serves as notice that:

(1) I am duly authorized to act on behalf of Aaron's, Inc. and Aaron Investment Company (collectively referred to herein as "**Aaron's**"). Aaron's is the exclusive copyright owner of certain material, a copy of which is located at the following URL: http://www.youtube.com/watch?v=UxgkEXTpuKQ.

(2) I have located material on the www.funyordie.com website that is infringing Aaron's exclusive copyright interests. The unauthorized and infringing material can be found at the following URL: http://www.funnyordie.com/videos/5b2b1d3ecb/no-credit-no-problem (the "**Infringing Material**").

(3) I have a good faith belief that the use of the Infringing Material is not authorized by Aaron's, its agent, or the law.

(4) The information contained in this notification is accurate, and under penalty of perjury, I am authorized the act on behalf of Aaron's with respect to the Infringing Material.

Mr. Stuart Kuramoto
Funny or Die, Inc.
Page 2 of 2

(5)   If you need to discuss this matter with me, I can be contacted via phone at 770-331-2811, via email at mtyde@thorpetyde.com, and/or in writing at 931 Monroe Drive, STE A-102-153, Atlanta, Georgia 30308.

I hereby request that you immediately (i) remove or disable access to the Infringing Material; and (ii) notify the infringer of this notice and ensure that the infringer ceases any further posting or sharing with others of the Infringing Material and any other material infringing Aaron's copyright interest to your server.

We believe that the entire Internet community benefits when these matters are resolved cooperatively. Thus, we urge you to take immediate action to stop this infringing activity. Please notify us of the actions you have taken to resolve this matter.

Nothing in this letter shall serve as a waiver of any rights or remedies of Aaron's with respect to the alleged infringement, all of which are hereby expressly reserved.

Thank you for your cooperation.

Kind Regards,

E. Michelle Tyde

cc: Elizabeth L. Gibbs, Vice President and General Counsel, Aaron's Inc.

**EXHIBIT "C"**

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| Aaron Investment Company and Aaron's, Inc. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Funny or Die, Inc. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

To:   Funny or Die, Inc.

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Information sufficient to identify (by name, address, telephone number, e-mail address, IP address, and any other identifying information) the uploader known as "Westside Slant" who posted the material which was located at http://www.funnyordie.com/videos/5b2b1d3ecb/no-credit-no-problem.

| Place: Payne & Fears LLP, One Embarcadero Center, Suite 2300, San Francisco, CA 94111 | Date and Time: 03/03/2010 10:00 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

          *CLERK OF COURT*
                                              OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Requesters Aaron Investment Company and Aaron's, Inc._____, who issues or requests this subpoena, are:
Todd C. Bouton, Payne & Fears LLP, 4 Park Plaza, Suite 1100, Irvine, CA 92614, E-mail: tcb@paynefears.com, Tel: (949) 851-1100

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I personally served the subpoena on the individual at *(place)* _____
on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____, who is designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ other *(specify)*:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 01/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT "D"

TODD C. BOUTON, Bar No. 234821
E-Mail: tcb@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, CA 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Requesters
AARON INVESTMENT COMPANY and
AARON'S, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AARON INVESTMENT COMPANY and AARON'S, INC.,<br><br>Requesters,<br><br>v.<br><br>FUNNY OR DIE,<br><br>Witness. | CASE NO.<br><br>DECLARATION OF TODD C. BOUTON PURSUANT TO 17 U.S.C. § 512(h) |

**DECLARATION OF TODD C. BOUTON PURSUANT TO 17 U.S.C. § 512(h)**

I, Todd C. Bouton, declare:

1. I am an attorney duly licensed to practice in all of the courts of the State of California and in this Court, and I am an associate of Payne & Fears LLP, attorneys of record for Requesters Aaron Investment Company and Aaron's, Inc. herein (collectively referred to as "Aaron's"). The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

DECLARATION OF TODD C. BOUTON

2. I am authorized to act on behalf of Aaron's on matters involving the infringement of their copyrighted material. This declaration is made in support of the accompanying Request for Subpoena, pursuant to 17 U.S.C. § 512(h)(2)(C).

3. The purpose of the accompanying proposed Subpoena is to obtain the identity of the alleged copyright infringer who is identified at the Internet location listed on the Subpoena. The information obtained will be used only for the purpose of protecting the rights granted to our clients under Title 17 of the United States Code.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of February, 2010, at Irvine, California.

_____
Todd C. Bouton

4837-4917-8885.1